**ROBERT MARINELLI**
ATTORNEY AT LAW
305 BROADWAY, 14TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

February 22, 2016

By ECF
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Alleyne et. als. v. City of New York et. als.*, 15 Civ. 1860 (WFK)(VMS)

Your Honor:

I am the attorney for the plaintiffs in the above-referenced action. Plaintiffs make this letter motion seeking an order compelling defendants to provide certain Confidential Informant ("CI") and Search Warrant discovery. Plaintiffs need this information as discussed within the applicable legal framework below because, in summary, plaintiffs' lawsuit alleges that they were the victims of false arrest and unreasonable search, among other things, as a result of the defendants' reliance upon a CI and a search warrant issued on the basis of the CI's representations when the defendants knew or should have known that the CI and thus the search warrant was at least unreliable and at worst fabricated. The parties have conferred on this issue and have been unable to come to a resolution.

I. **Legal Standard**

Under the appropriate circumstances, the informer's privilege allows the City to withhold from disclosure the identity of people who provide information of criminal offenses to police officers charged with enforcement of the law. Roviaro v. U.S., 353 U.S. 53 (1957). If the City wishes to protect information with the informer's privilege, the City has the burden of showing that withheld documents are in fact protected. In re City of N.Y., 607 F.3d 923 (2d Cir. 2010). The City can do this by pointing to "specific harms likely to accrue from disclosure of specific materials." MacNamara v. City of N.Y., 249 F.R.D. 70 (S.D.N.Y. 2008). If the City cannot show specific harms resulting from the release of specific materials, the City must disclose those materials.

Even if the City can meet its initial burden, the informer's privilege is a qualified privilege. This means that plaintiffs will have an opportunity to rebut the presumption against disclosure established by the informer's privilege. In re City of N.Y., 607 F.3d at 945. This is a two-step process. First, plaintiffs must show that they have a compelling need for the specific materials by demonstrating: (1) that they brought their lawsuit in good faith, (2) that the information sought is not available from other sources, and (3) that the information is important to the case.

If the court finds that plaintiffs have made a showing of compelling need pursuant to those standards, the court must then balance "the public interest in nondisclosure against the need of a

particular litigant for access to the privileged information." Id. If the particular litigant's need for access to the privileged information outweighs the public interest in nondisclosure, the City must release the specific CI materials at issue. Id.

## II. The categories of Confidential Informant and Search Warrant Discovery sought by plaintiffs in this case

Plaintiffs seek the following CI and search warrant discovery:

a.) All documents reflecting the selection and approval of the CI and compensation for the CI, or other informant upon whose word the search warrant was sought, as a registered informer ("CI selection documents");

b.) All documents reflecting the number of searches conducted as a result of warrants obtained upon the word of the CI or other informant used to obtain the warrant for 2750 West 33rd Street, Apt 2347, Brooklyn, New York, specifying what contraband, if any, was obtained in each search, and what convictions, if any, and for what offenses, resulted ("CI history documents");

c.) All documentation reflecting the extent of compliance with the NYPD's requirements for determining whether to obtain and also whether to execute the warrants for the search of 2750 West 33rd Street, Apt 2347, Brooklyn, New York, including, but not limited to, (a) all pre-execution documentation required by NYPD Patrol Guide (PG) 212-75 (5), implementing Commissioner's IO-40, 8/25/03, (b) the Formal Pre-Execution Plan and other data required by IO-41, 8/25/03, and (c) the Formal Post-Execution Critiques that must be prepared by the Commanding Officer who supervised execution of the warrants and the review of that Critique by the Borough Executive Officer, required by Commissioner's IO-42, 8/25/03 ("warrant integrity documents"); and

d.) All NYPD documents reflecting all investigative activities conducted by the NYPD into whether plaintiff had personally engaged in any activity related to drugs or had any prior criminal or drug history, including any inquiry, including interviews with neighbors, and calling or attempting to visit the dwelling, both (i) prior to applying for the search warrant and (ii) prior to executing it ("plaintiff investigation documents").

## III. The CI discovery is relevant

Defendants cannot reasonably dispute that the information sought by plaintiff is reasonably calculated to lead to the discovery of admissible evidence and related to the claims and defenses. In Ayala v. City of N.Y., 2004 WL 2914085 (S.D.N.Y. Dec. 16, 2004), the court stated in a case seeking a search warrant affidavit that that discovery was relevant because, in order for the plaintiffs to succeed in their challenge of the validity of the search warrant, "plaintiffs must show that the affiant[, who relied on a confidential informant's reports,]

2

knowingly and intentionally, or with reckless disregard for the truth, made a false statement in the affidavit and that the false statement was necessary to the finding of probable cause."

Here, plaintiffs also are challenging the search warrant and the existence of probable cause for their arrests. Defendants found no narcotics or other contraband yet arrested plaintiffs for offenses which the CI's fabricated evidence stated that the plaintiffs committed. "Plaintiffs cannot even attempt to make the required preliminary showing without learning through discovery what the informant said to the affiant and what information the affiant relied on in requesting the search warrant." Ayala, 2004 WL 2914085, at *2. "[P]laintiffs are entitled to learn through documents and through depositions what information the confidential informant provided to law enforcement." Id.

### IV. The informer's privilege does not protect the CI or Search Warrant discovery

Although defendants have not yet asserted the informer's privilege, plaintiffs take the position that the informer's privilege does not protect the CI or search warrant discovery from disclosure. Rather than speculate as to whether defendants will actually invoke the informer's privilege and on what grounds they will make their argument about specific harms that might flow from disclosure of specific materials, plaintiffs will use the rest of their letter motion to discuss why, even if defendants' were to argue the informer's privilege, disclosure of the CI and Search Warrant discovery would still be appropriate. In the event that defendants oppose this motion, plaintiffs request an opportunity to address defendants' arguments in a reply.

### V. Plaintiffs have a compelling need for the CI discovery

Plaintiffs can show the three elements necessary to demonstrate their compelling need for the CI discovery which is the first step in the balancing test through which a plaintiff may rebut the presumption against disclosure established by informer's privilege. First, plaintiffs bring this action in good faith. Defendants have not alleged, nor is there any evidence showing, anything to the contrary. Second, plaintiffs do not have the ability to obtain the materials from other sources. The City is the exclusive custodian of the records that are the subject of this motion to compel, and the City is a party.

Finally, plaintiffs have shown that the CI discovery is important to their case. Disclosure is not "directed simply to permit a fishing expedition" or "to gratify the moving party's curiosity or vengeance." In re United States, 565 F.2d 19, 23 (2d Cir. 1977). Rather, plaintiffs must make a particularized showing of need for discovery of the identity of the CI. See Wahad, 131 F.R.D. at 62.

In Henderson v. Williams, 2011 WL 6028182, at *5 (D. Conn. Dec. 5, 2011), the court found the informant's statements to be particularly material on facts where it appeared that the informant had not mentioned to authorities whether the searched residence was a single-family dwelling or multi-use residence. Similarly, here, plaintiff's particularized showing of need is shown in part by the fact that the CI apparently drew no distinctions between the plaintiffs as individuals in reporting his drug purchases to defendants or in terms of the parts of the home

3

they occupied. Defendants swept up everyone there without regard for perceived individual culpability. Defendants were unaware that the building was broken up into a variety of living and work environments, with McFarlane using it as an art studio. The absence of such detail in the criminal investigation, combined with defendants' treatment of all persons in the building as suspects of equivalent suspicion regardless of whether they occupied the basement or the second floor and regardless of their use of the space, makes the CI discovery important to plaintiffs' challenge of the warrant's validity.

In Creighton v. City of N.Y., 2015 WL 8492754, at *7 (S.D.N.Y. Dec. 9, 2015), the court observed that were "the communications of an informer are claimed to establish probable cause for a defendant's arrest . . . the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication." (citation omitted). Such disclosure of informant information in "doubtful cases of probable cause resting essentially on the informant's statements is necessary because it can be the only means by which the defense can test the fact that such information was actually received as the agent claims, the means of the informant's knowledge, and the reasons why the agent considered it to be reliable." U.S. v. Manning, 448 F.2d 992, 995 n.1 (2d Cir. 1971).

Here, since the CI's identity and statements were the sole source of support for the finding of probable cause to enter and search plaintiffs' home, discovery of these sources is, as in Creighton, "essential to a fair determination" of plaintiffs' claim of constitutional rights violations by defendants. In other words, pretrial disclosure of this information, and the corresponding opportunity for trial preparation, would enable Plaintiffs to "significantly alter the quantum of proof in [their] favor." United States v. Perisco, 447 F.Supp. 2d 213, 218 (E.D.N.Y. 2006) (quoting United States v. Maniktala, 934 F.2d 25, 28 (2d Cir. 1991)).

### VI. Plaintiffs' compelling need for the CI discovery outweighs the public's interest in maintaining the CI discovery secret

The CI in this case was no mere tipster or outside observer, but rather an active participant—and witness to— alleged narcotics transactions. "The need for disclosure has been held to be the strongest when the informant was 'a key witness or participant' in the alleged crime." Carbajal v. Village of Hempstead, No. CV-02-4270 (ADS) (ETB), 2003 WL 23138447 (E.D.N.Y. Dec. 22, 2003) (citing United States v. Saa, 859 F.2d 1067, 1073 (2d Cir. 1988)). Generally, the right to disclosure is strongest "where the informant is a key witness or participant in the crime charged, someone whose testimony [was] significant in determining guilt or innocence." Saa, 859 F.2d at 1073. When police officers conduct an arrest based on information from a source, "it is proper to compel them to disclose [their] source—subject to some limitations—since otherwise there is no way to test whether they had 'reasonable cause.'" United States v. Heitner, 149 F.2d 105, 107 (2d Cir. 1945) (opinion of Hand, J.).

Next, the plaintiffs' compelling need becomes stronger still because this case involves the assertion of civil rights claims against law enforcement officials who are now asserting the informer's privileges. "The assertion of informer's privilege by a law enforcement official defending against a civil suit for damages based on his own alleged official misconduct should be scrutinized closely." Hampton v. Hanrahan, 600 F.2d 600, 639 (7th Cir. 1979); see Atwell v. City of N.Y., No. 07 Civ. 2355 (WHP), 2008 WL 5336690, at *2 (S.D.N.Y. Dec. 15, 2008) (ordering the production of search warrant and supporting affidavits because they "go to the

heart of plaintiffs' contention that the search was illegal," but requiring the redaction of the identities and addresses of the informants).

Finally, plaintiffs note that if the court believes that the balancing test does not tip entirely in plaintiffs' favor due to the safety concerns relating to the disclosure of the CI and Search Warrant discovery, many courts have ordered disclosure of sensitive information but with reasonable redactions in order to mitigate the public's concern over the abrogation of CI secrecy. Henderson, 2011 WL 6028182, at *5; Atwell, 2008 WL 5336690, at *2.

### VII. Conclusion

In light of the foregoing, plaintiffs respectfully ask that the Court grant their petition for an order compelling defendants to produce the CI and Search Warrant discovery.

Yours truly,

Robert Marinelli