

**T**HE **C**ITY OF **N**EW **Y**ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**JENNY WENG**
*Senior Counsel*
Tel.: (212) 356-2648
Fax: (212) 356-3509
jweng@law.nyc.gov

March 2, 2016

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Kashif Alleyne, et al. v. City of New York, et al.</u>,15–CV-01860 (WFK)(VMS)

Your Honor:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the defendants City of New York, Detectives Yika Morales, Natia Kalandadz, James McCullough, Lorne Kanover and William Rahman in the above-referenced matter.  I write to respectfully oppose plaintiffs' motion, dated February 22, 2016, seeking confidential informant and search warrant discovery.[1]  As an initial matter, defendants have produced the search warrants and respective underlying search warrant pre-execution plans for the incident.[2]

---

[1] Plaintiffs' motion appears to have mistakenly sought the above-mentioned discovery for the wrong address: "2750 West 33rd Street, Apt 2347, Brooklyn, New York." <u>Id</u>. The correct address of the search warrant execution and where plaintiffs were arrested as alleged in the Amended Complaint is 1346 Prospect Place Boulevard, Brooklyn New York.  <u>Docket No. 10</u> ¶12. Defendants will respond as if plaintiffs were seeking the above-mentioned discovery for the correct address.

[2] The search warrants were produced in Defendants' Rule 26(a)(1)(A) Initial Disclosures on July 31, 2015.  The respective underlying search warrant pre-execution plans were produced in Defendants Discovery Responses on August 14, 2015.

Defendants oppose this application because the confidential informant and search warrant discovery plaintiff seeks are protected by the informer's privilege. Rovario v. United States, 353 U.S. 53, 60-61 (1957). See National Lawyers Guild et al., v. Attorney General, et al., No. 77-CV-0999, 1982 U.S. Dist. LEXIS 10271, at *3 (S.D.N.Y. April 8, 1982) ("Courts have long recognized….that to insure cooperation, the fear of reprisal must be removed and that 'the most effective protection from retaliation is the anonymity of the informer…The doctrine of informer privilege is applied in civil cases as well as criminal. Indeed there is ample authority for the proposition that the strength of the privilege is greater in civil litigation than in criminal.") (internal citations omitted). A party seeking to defeat the privilege in a civil action faces a "greater hurdle" than does a defendant in a criminal action. See In Re National Refrigerants, No. 95-CV-337, 1997 U.S. Dist. LEXIS 9561, at *8 (E.D. Pa July 7, 1997).

The burden of establishing the need for disclosure falls upon the person seeking the disclosure. National Lawyers Guild, et al., v. Attorney General, et al., No. 77-CV-0999, 1982 U.S. Dist. LEXIS 10271, at *4. To overcome the privilege, plaintiff has the burden of showing the information requested is both "relevant and essential to his case on the merits." Feming v. Department of Justice, No. 90-CV-0896, 1992 U.S. Dist. LEXIS 9753, at *19 (E.D.N.Y. June 17, 1992) (citing Cullen v. Margiotta, 811 F.2d 698, 716 (2d Cir. 1987)). Plaintiff must also show the need for disclosure outweighs the need for secrecy essential to such continued police work. Id. This Circuit has explicitly rejected "fishing expeditions" and "wholesale disclosure" absent the showing of particularized need. See Cullen v. Margiotta, 811 F.2d at 716 (FBI interview reports of informers not subject to disclosure).

Here, plaintiffs have failed to show a need for the information that outweighs the informer's privilege. Plaintiffs claim that the defendants found no narcotics or contraband and that they were unaware that the building was broken up into a variety of living and work environments and arrested plaintiffs regardless for perceived individual culpability. However, plaintiffs have completely failed to show that the information they seek will be relevant to those allegations as any confidential informant will not have knowledge of what the defendants found and what that they were aware of. Defendants' descriptions of the residence upon the execution of the search warrants and why the plaintiffs were arrested are absolutely unrelated to any observations made by the confidential informants, and any documents that plaintiffs seek in this motion relating to the CI selection, CI history, warrant integrity and plaintiff investigation are even more far-removed in relevance to plaintiffs' allegations. The arrests of plaintiffs were based solely on the contraband and conditions that the individual defendants observed in the residence at the time of plaintiffs' arrests, and the confidential informant was not a witness to any of these observations.

Further, plaintiffs' First Amended Complaint fails to allege that any search warrants were obtained fraudulently and the discovery deadline in this case has been extended once and is now set for March 18, 2016. Other than depositions, discovery is virtually complete at this point and granting plaintiffs' discovery request will unnecessarily delay the completion of discovery for no other reason than to allow exactly the type of "fishing expeditions" explicitly rejected by this Circuit. Judges have already examined the detective and the controlled buys in question, and have already made a finding that these facts established probable cause which allowed the individual defendants to enter and search the residence. Allowing this type of discovery will be time-consuming and not relevant.

In addition, defendants note that plaintiffs brought a frivolous action and that this belated discovery request is not proportional to the needs of the case in light of the specific facts and evidence produced here.  As explained at the initial conference, plaintiffs' complaint alleges that there were no search warrant but defendants located and produced a search warrant for *each* floor that the plaintiffs were located in at the time of the search warrant execution.  And as argued above, while plaintiffs seek extensive background discovery on the CI and the search warrants in their belated motion now, plaintiffs' complaint doesn't even allege that the search warrants were obtained fraudulently.  Moreover, while plaintiffs now allege that no contraband were recovered, plaintiffs' complaint does not pled this allegation.  Indeed, no reasonable juror would believe plaintiffs' version that no contraband were recovered since, as explained at the initial conference, contraband were recovered in each of the rooms the plaintiffs were located at the time of the search warrant execution.  Defendants had produced vouchers and field tests of the recovered contraband at the initial conference as well.  Plaintiffs also each accepted ACDs and do not allege malicious prosecution.

It is plaintiffs' burden to overcome the privilege which they have failed to do.  Plaintiffs have not made a showing of any particularized need, or that their need for the information outweighs the undisputed need for secrecy so as to protect the confidential informant's safety.  Accordingly, plaintiffs' motion to compel confidential informant and search warrant information should be denied.  However, should the Court be inclined to entertain plaintiffs' motion, defendants respectfully request leave to fully brief this motion.

Thank you for your time and consideration.

Respectfully submitted,

/s/

Jenny Weng
Senior Counsel
Special Federal Litigation Division

cc:     Robert Marinelli, Esq. (By ECF)