

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT

SPECIAL FEDERAL LITIGATION DIVISION
100 Church Street, 3rd Floor
New York, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Wilda J. Rodriguez
phone: (212) 356-4361
fax: (212) 356-3508
email: wrodrigu@law.nyc.gov

June 28, 2016

**VIA ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Kashif Alleyne, et al. v. City of New York, et al.</u>, 15-CV-01860 (WFK)(VMS)

Your Honor:

I am an attorney in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing the defendants Detectives Ylka Morales *s/h/a* "Yika Morales," Natia Kalandadz, James McCullough, Lorne Kanover and William Rahman in the above-referenced matter. I write to respectfully oppose plaintiffs' motion to compel, dated June 27, 2016, seeking additional search warrant discovery beyond the scope of the incident at issue and also oppose plaintiff's preservation of a later application for further Confidential Informant ("C.I.") discovery.[1] At this stage of litigation, discovery is nearly complete and set to conclude in the next three (3) days by or before July 1, 2016. As discussed during the June 7, 2016 conference, your Honor *sua sponte* extended the discovery deadline for a third and final time to June 30, 2016 in order to allow the parties to complete all-party depositions. Depositions concluded on June 24, 2016.

As an initial matter, defendants have produced the i. search warrants; ii. search warrant pre-execution plans; and iii. search warrant application as produced to the parties by the

---

[1] Plaintiffs' motion appears to have mistakenly sought the above-mentioned discovery for the wrong address: "1349 Prospect Place, Brooklyn, New York." <u>Id</u>. The correct address of the search warrant execution and where plaintiffs were arrested as alleged in the Amended Complaint is 1346 Prospect Place Boulevard, Brooklyn New York. <u>Docket No. 10</u> ¶ 12. Defendants will respond as if plaintiffs were seeking the above-mentioned discovery for the correct address.

Kings County District Attorney's Office.[2] Plaintiffs now seek to compel additional and unrelated discovery for arrest, "C.I.," and search warrant paperwork concerning individuals who are not parties to the instant action and a residence which is not at issue to this lawsuit. Namely, plaintiffs request the (1) criminal court complaints for each arrestee in 1333 and 1349; (2) arrest paperwork for each individual arrested in 1333 and 1349, including memo-book entries for each officer, "TAC" plans, and search warrant applications; (3) copies of manila envelopes, and accompanying pedigree sheets, in which Rahman placed recovered contraband; and (4) Rahman's un-redacted memo book for the day of the event. For the reasons set forth below, defendants oppose plaintiffs' request in its entirety.

Defendants oppose this application on the grounds that these requests seek information that 1) implicates the privacy interests of non-parties; 2) is not relevant to any parties' claims or defenses; and 3) is not proportional to the needs of the case. Specifically, upon information and belief, the criminal court and arrest paperwork for the non-party arrestees at "1333," as plaintiffs so concede in their application, resulted in no criminal convictions, and is presumably thus, sealed pursuant C.P.L. § 160.50/55, including any and all information leading up to their arrests such as the memo-book entries for each officer, pedigree sheets, "TAC" plans, and search warrant applications. This information cannot be obtained without execution of unsealing authorizations by these non-parties and is therefore unavailable to defendants. In the same respect, the criminal court and arrest paperwork for co-arrestees at the subject location "1349" is in-fact sealed pursuant to C.P.L. § 160.50/55 and unavailable to defendants, including any and all information leading up to their arrests such as the memo-book entries for each officer, pedigree sheets, "TAC" plans, and search warrant applications. With regard to a copy of Det. Rahman's un-redacted memo book for the day of the event, defendants oppose this request as the redacted information concerns the arrest information of the non-party arrestees sealed pursuant to C.P.L. § 160.50/55 and unrelated location which is not at issue.

Moreover, the search warrant and "C.I." discovery plaintiffs seek is protected by the informer's privilege. <u>Rovario v. United States</u>, 353 U.S. 53, 60-61 (1957). <u>See</u> <u>National Lawyers Guild et al., v. Attorney General, et al.</u>, No. 77-CV-0999, 1982 U.S. Dist. LEXIS 10271, at *3 (S.D.N.Y. April 8, 1982) ("Courts have long recognized….that to insure cooperation, the fear of reprisal must be removed and that 'the most effective protection from retaliation is the anonymity of the informer…The doctrine of informer privilege is applied in civil cases as well as criminal and limits the right of disclosure under Rule 34 of the Federal Rules of Civil Procedure. Indeed there is ample authority for the proposition that *the strength of the privilege is greater in civil litigation than in criminal.*") (internal citations omitted, emphasis added). Plaintiffs' argument that the information sought is needed because "examining these documents will allow plaintiff to test the reliability of the allegations against plaintiffs, and will likely to lead to admissible evidence," is unjustified and does not overcome this privilege.

---

[2] The search warrants were produced in Defendants' Rule 26(a)(1)(A) Initial Disclosures on July 31, 2015. The respective underlying search warrant pre-execution plans were produced in Defendants' Discovery Responses on August 14, 2015. The search warrant application as produced to the parties by the Kings County District Attorney's Office was produced in Defendants' Third Supplemental Disclosures on May 16, 2016.

With regard to plaintiffs' sweeping allegation at Defendant Rahman's June 16, 2016 deposition that the "C.I." was financially motivated to fabricate information in order to allow Det. Rahman to procure search warrants, it is entirely unfounded. The very premise and allegations contained in plaintiffs' First Amended Complaint for plaintiffs' unlawful entry and search claim is that "the officers did not have a warrant" and "unlawfully entered and searched plaintiffs' home." Docket No. 10 ¶¶ 13, 38. Plaintiffs' complaint merely alleges that there was no search warrant, however, defendants located and produced a search warrant for *each* floor that the plaintiffs were located in at the time of the search warrant execution. Upon production of the search warrants and application, plaintiffs now contend that the basis for the search warrants was fabricated. Yet again, plaintiffs fail to provide any basis in fact to support such scurrilous claims, and even so, plaintiffs' complaint does not allege that the search warrants were obtained fraudulently.

Assuming *arguendo* that the "C.I." did fabricate the facts that s/he purchased marijuana in plaintiffs' home on numerous occasions, that still would not provide plaintiffs a basis to challenge the warrant. Here, plaintiffs' challenge is to the very existence of a search warrant, which was refuted during the exchange of discovery. The new allegation by plaintiffs still does not lend any support to challenge the search warrants in this case. In order to show that a search warrant violated the Fourth Amendment, plaintiffs must show that the officer who executed the search warrant affidavit "knowingly and intentionally, or with a reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was "necessary to the finding of probable cause.'" Golino v. New Haven, 950 F.2d 864,870-71 (2d Cir. 1991) (quoting Franks v. Delaware, 438 U.S. 154, 155-56 (1978)). As the Supreme Court made clear in Franks, when assessing the legality of a warrant, it is immaterial whether any non-governmental informants made any false statements; the only relevant inquiry is whether the officer who executed the search warrant affidavit included information that the officer either knew to be false, or entertained serious doubts about the accuracy of the information. See Franks, 438 US at 17l (1978), See also United States v. Vilar, 05 CR 621 (KMK), 2007 U.S. Dist. LEXIS 26993, *77-86 (S.D.N.Y. Apr, 4, 2007) *77-*86; United States v. Perez, 247 F. Supp. 2d 459,472-74 (S.D.N.Y. 2003). Moreover, false information included in a search warrant affidavit as a result of negligence or innocent mistake is insufficient to challenging the validity of the warrant. Franks, 438 U.S. at 17l.

In an analogous case to plaintiffs' new allegations against the "C.I.," the Southern District Court granted a Fed. R. Civ. P. 12(b)(6) motion to dismiss a §1983 unreasonable search claim where plaintiffs alleged that the search warrant application was supported by false information provided by a confidential informant. Leon v. City of New York, 09 Civ. 8609 (WHP), 2010 U.S, Dist. LEXIS 67660 (S.D.N.Y. July 1, 2010). Specifically, in Leon, the search warrant affidavit indicated that a "C.I." informed the police that the "C.I." had bought drugs inside of Leon's apartment, which was the target location of the search warrant. See Id. at *2-4, *7-9. It later turned out, however, that the "C.I." had lied to the officer and had not actually bought drugs inside Leon's apartment. Id. Nevertheless, the Court granted defendants' motion to dismiss *before* any discovery was taken, since the complaint was devoid of any non-conclusory factual averments that the officers knew, at the time the search warrant affidavit was executed, that the information provided by the "C.I." was false. See Id. at *6-9, *76. Here, the argument is well supported because plaintiffs' complaint contains no such allegations, and further because there is no evidence to suggest that the defendants had any reason to doubt the veracity of the

"C.I." controlled buys at the subject location on numerous occasions. Even if plaintiffs' sheer speculation is that the "C.I." lied, there is still no allegation in the complaint or any evidence to suggest that Det. Rahman knew the "C.I." was lying when he applied for the warrants. Moreover, upon information and belief, because the "C.I." was available to testify directly to the Judge who issued the warrants, plaintiffs cannot argue that the officers had any involvement in their speculated wrongdoing.

Lastly, even if the plaintiffs are able to overcome the strong presumption against disclosure of documents protected by the law enforcement privilege, the Court must still "balance '[t]he public interest in nondisclosure . . . against the need of a particular litigant for access to the privileged information.'" Dinler v. City of N.Y. (In re City of N.Y.), 607 F.3d 923 at 945 (2d Cir. 2010) (internal citations omitted). In this case, the public interest in non-disclosure is substantial. Plaintiffs are merely engaged in a fishing expedition of the type this Circuit has explicitly rejected absent the showing of a highly particularized need. See Cullen v. Margiotta, 811 F.2d 698 (2d Cir. 1987) (FBI interview reports of informers not subject to disclosure). Moreover, as set forth above, even if plaintiffs could establish that the "C.I." lied about purchasing marijuana inside of plaintiffs' home on numerous occasions, which is plaintiffs' purported goal in seeking this discovery; this would not materially advance plaintiffs' case against defendants. Judges have already examined the detective and the controlled buys in question, and have already made a finding that these facts established the probable cause which allowed the individual defendants to enter and search the residence. Allowing this type of discovery would not only upset the balance of public interest in nondisclosure but would also be time-consuming and irrelevant needlessly extending discovery which is set to conclude in three (3) days by July 1, 2016. Plaintiffs have set forth no need for the information, let alone a compelling or particularized need, and therefore have again failed to meet their burden.

Accordingly, plaintiffs' motion to compel should be denied in its entirety.[3] However, should the Court be inclined to entertain plaintiffs' motion, defendants respectfully request leave to fully brief this motion. Thank you for your time and consideration.

Respectfully submitted,

Wilda J. Rodriguez
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     Robert Marinelli, Esq. (By ECF)

---

[3] Plaintiffs' motion should also be denied on the procedural grounds that i) the request is untimely as it was made with less than thirty (30) days before the end of discovery; ii) the request was not properly made because our office does not consent to accept discovery demands by email and never agreed to accept discovery demands in the form of an email rather than a formal Rule 34 Notice; and iii) because plaintiffs' counsel failed to meet and confer with this office regarding new or updated demands in accordance with the Judge's rules before filing this motion.