# ROBERT MARINELLI
### ATTORNEY AT LAW
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

June 30, 2016

**BY ECF**

Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    *Alleyne et al. v. City of New York, et al.*, 15 CV 1860 (WFK)(VMS)

Your Honor:

       I am the attorney for plaintiffs in the above-referenced action. I write pursuant to Your Honor's Order dated June 28, 2016 requiring plaintiffs to demonstrate whether there has been a previous request for the Criminal Court Complaints of the individuals arrested with plaintiffs at 1346 Prospect Place in Brooklyn ("1346"); or in the alternative, to explain why this request is being made at such a late date. As discussed below, Plaintiff has made a previous request encompassing these documents, and also has a sound reason for the late renewal of this request.

       As a preliminary matter, Plaintiff has recently learned that a case pending in this district, <u>Nelson, et al. v. Rahman et al.</u>, 15 CV 4988 (KAM)(PK), directly effects this application.[1]

<u>The Matter of Nelson v. Rahman et al.</u>

       The six plaintiffs in <u>Nelson</u> have sued for constitutional violations arising from the search warrants executed concurrently at 1346 and 1333 Prospect Place ("1333"). Three of these plaintiffs - Joshua Corke, Jaclyn Lifshitz and Typhanee Bryant - were arrested at 1346. The other three - Corey Nelson, Terron Campbell and Samuel Scott – were arrested at 1333.

       Having filed a lawsuit, these <u>Nelson</u> plaintiffs have affirmatively placed their

---

[1] The Law Department is also defense counsel in <u>Nelson.</u>

criminal records at issue, and therefore have waived any sealing privilege pursuant to C.P.L. 160.50. <u>See</u> <u>Young v. City of N.Y.</u>, 10 CV 1701 (RMB)(THK), 2010 WL 3938372, at *2 (S.D.N.Y. Oct. 7, 2010); <u>see also</u> <u>Best v. 2170 5th Ave. Corp.</u>, 60 A.D.3d 405, 405 (1st Dep't 2009); <u>City of Elmira v. Doe</u>, 39 A.D.3d 942, 944 (3d Dep't 2007); <u>Rapetti v. E. 51st St. Dev. Co., LLC</u>, 928 N.Y.S.2d 621, 626 (Sup. Ct. 2011). Accordingly, their arrest documents are freely discoverable.

Plaintiff presently possesses police paperwork for four of the approximately eight individuals arrested at 1346. Defendants' production of even more police paperwork, this time for the three <u>Nelson</u> plaintiffs arrested at 1346, will provide plaintiff with virtually all of the documents requested for 1346.

Due to defendants' failure to notify either Your Honor or plaintiffs of the concurrent warrant execution and the parallel <u>Nelson</u> action,[2] plaintiff requests that defendants be ordered to produce all police paperwork concerning execution of the 1333 warrant, as well as the paperwork concerning the arrest of each of these <u>Nelson</u> plaintiffs.

As defendants presumably already possess all these files, it will be no burden.

## **Plaintiffs' July 15, 2015 Discovery Demands (Annexed as Exhibit A)**

Plaintiffs' initial discovery demands sought all documents relating to the incident on October 30, 2014, and the facts and events alleged in their complaint. The discovery demands define the "incident" as follows:

> **The term "incident" is used broadly herein to mean the incident forming the basis of the instant action, and includes the facts and events alleged in plaintiff's complaint, and prior and subsequent events and occurrences that are pertinent thereto, either directly or indirectly, including any conduct or action constituting prosecution of any plaintiff or any defendant or employee or agent of any defendant.**

Plaintiff's Third Interrogatory requested that defendants:

---

[2] In their June 28 in response to plaintiffs' request for the 1333 arrest records, defendants proffered without verifying that these records are "presumably thus [*sic*], sealed pursuant C.P.L. § 160.50/55."

> **Identify every document that describes, concerns, references and/or mentions, in whole or in part, the Incident.**

Then, Plaintiffs' First Document Request demanded:

> **All documents identified in the foregoing Interrogatories.**

It it beyond cavil that the documents that plaintiffs request are encompassed by this demand and should have been identified.  The document requests that plaintiffs now make are thus not novel discovery requests, but reiterations of discovery requests made long ago.

## Why Plaintiffs Now Seeks These Documents

Plaintiffs now actively pursue these documents based on Defendant Rahman's deposition testimony that he arrested, and seemingly discovered, contraband on each arrestee in 1346 and 1333.  This testimony revealed defendants' deliberate failure to mention that the 1346 Park Place operation was part of a multi-home sting.

Plaintiffs thank Your Honor for consideration of their requests.

Yours truly,

/ss/

Robert Marinelli