# ROBERT MARINELLI
ATTORNEY AT LAW
305 BROADWAY, SUITE 1001
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

July 27, 2016

**BY ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Alleyne et al. v. City of New York, et al.*, 15 CV 1860 (WFK)(VMS)

Your Honor:

I represent Plaintiffs Damani McFarlane and Kashif Alleyne ("Plaintiffs"). Plaintiffs write pursuant to Rule 30 to respectfully request an order compelling Defendants to produce the following officers identified in the Search Warrant Plan Pre-Execution ("Tact. Plan"):[1] D.I. Kenny, Sgt. Francis, Det. Ortega, Det. Valentine, Det. Finnegan, Det. LaFortune, Lt. Gately, and Det. Bryant, Det. Micheli, Det. Santana, Det. Martin, Det. Khan, Det. Balsamo, Det. Miller, and Sgt. Ellerbe. FED. R. CIV. P. 30(a)(2)(A)(i). The parties have engaged in good faith discussions to resolve this issue and have been unable to do so. A status conference is scheduled for on July 29, 2016 at 2:00 P.M.

I.    <u>Background And Procedural History</u>

In the interest of brevity, I refer Your Honor to Plaintiffs' motions dated July 22, 2016 and June 30, 2016, which contain the factual and procedural background of this matter. <u>See</u> Exhibits B and C.

At the outset of the litigation, Plaintiffs requested that Defendants identify the officers **who were directly involved in each Plaintiffs' arrest**. In accordance with this request, Defendants identified Waliur Rahman ("Rahman"), Yika Morales ("Morales"), Natia Kalandadze ("Kalandadze"), Lorne Kanover ("Kanover"), and James McCullough ("McCullough"). <u>See</u> Exhibit D (Defendants' Initial Disclosures dated July 31, 2015) and Exhibit E (Defendants' First Supplemental Disclosures dated August 12, 2015).

Defendants represented that each of these witnesses was involved in the arrests and would have relevant information. Accordingly, Plaintiffs scheduled their depositions in June 2016.[2] By deposing only these officers Plaintiff was trying to avoid the burdens both parties would face in preparing for and conducting depositions. However, with the exception of Rahman (whose deficient and troubling testimony is the subject of another motion), all of the witnesses produced had either no involvement with the arrests or "no memory" of the incident.

---

[1] Attached as Exhibit A.

[2] Plaintiff also sued only these parties.

On June 29, 2016, Plaintiffs served additional deposition notices. See Exhibit F. On July 1, Your Honor extended the discovery deadline to August 30, 2016. In a letter dated June 30, Defendants refused to produce these witnesses. See Exhibit G. On July 13, Plaintiffs wrote to follow up on scheduling depositions. On July 15, Defendants responded that even though Your Honor extended the discovery deadline in order to accommodate further depositions, "deposing everyone on the Tact. Plan is not only beyond the 10-limit rule but truly disproportional to the needs of this case and unduly burdensome." See Exhibit H. In light of Defendants' position, Plaintiffs noticed depositions on all of the remaining individuals who were named in the Tact. Plan. See Exhibit I.

To date, Plaintiffs have taken the depositions of five police officers. At the minimum, Defendants must confirm dates for five additional depositions under the federal rules. Moreover, Defendants have failed to comply with their basic discovery obligations by producing witnesses with "no memory" or no direct involvement with the arrests. In light of the evasive and irrelevant testimony provided by these deponents, Plaintiffs must be permitted to conduct additional depositions beyond the presumptive limit.

II.     Deficient Testimony Supports the Need for Further Depositions

***Rahman's Testimony.*** Rahman testified that the only individual he remembers seeing on the day of the raid was Det. LaFortune, who was identified on the Tact. Plan only as "animal control." See Exhibit J (Rahman Deposition) at 169; Exhibit A. Further, numerous portions of Rahman's testimony were so evasive and inconsistent, that they could be considered dishonest.[3]

***Testimony of Morales and Kalandadze.*** Morales and Kalandadze were not involved in the arrests of Plaintiffs. Both witnesses testified that they did not enter 1346. See Exhibit K (Morales Deposition) at 10-11, Exhibit L (Kalandadze Deposition) at p. 10-11. While Plaintiff was aware that Morales was involved only with former Plaintiff Derrick Louisgarde's arrest, Plaintiffs were never informed that Kalandadze was not involved in Plaintiffs' arrests and that neither witness had ever set foot inside the premises.

***Testimony of Kanover and McCullough.*** Kanover and McCullough testified that they entered 1346 and were at one point in a room with two handcuffed individuals. See Exhibit M (Kanover Deposition) at 27-33; Exhibit N (McCullough Deposition) at 17-25. The officers did not search the room or the handcuffed individuals for contraband. See Exhibit M at 30, 40, 63-65; Exhibit N at 28-29. In fact, neither officer observed any contraband in 1346. See Exhibit M at 42-43, 103-104; Exhibit N at 36. Beyond these bare facts, Kanover and McCullough "did not recall" basic information about the incident. They did not recall any of the other officers who entered 1346, other than each other. See Exhibit M at 52; Exhibit N at 34-36. They did not recall taking the individuals from the room or seeing the individuals being taken out of the room. See Exhibit M at 45; Exhibit N at 29-30.

Kanover testified that he was at the location for three hours, but refused to estimate how long he was inside and how long he was outside the premises. See Exhibit M at 58. He also

---

[3] For a complete discussion of Rahman's problematic testimony, I refer Your Honor to Plaintiffs' motion dated July 22. See Exhibit B.

claimed that he did not recall ever seeing a chain of custody form during his tenure as an officer. Id. at 92. The portions of Kanover and McCullough's testimony cited here are only some examples of how the deponents avoided questions through "lapses in memory."[4]

III.     Plaintiffs Are Entitled to Depose The Requested Witnesses

Rule 30 limits the number of depositions that a party may conduct to 10, unless they obtain leave of the Court or consent of the opposing party. FED. R. CIV. P. 30(a)(2)(A)(i). Defendants have refused to produce the remaining five deponents requested by Plaintiffs and have not consented to any additional depositions beyond the presumptive limit.

Generally, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense [.]"FED. R. CIV. P. 26(b)(1).[5] Here, the testimony sought is relevant and necessary to establish the elements of Plaintiffs' claims and to resolve the issues in this litigation. Plaintiffs are entitled to the remaining depositions because they need to learn the circumstances of each arrest.

Since Plaintiffs can demonstrate relevance, the burden is on Defendants to justify curtailing discovery. See Lent v. Signature Truck Sys., Inc., No. 06CV569S, 2010 WL 1707998,

---

[4] The following exemplifies the manner in which they testified:

| Kanover, Exhibit M at 40 | McCullough, Exhibit N at 31 |
|---|---|
| Q.     Do you recall if any other law enforcement officers entered the room while the four of you were in there?<br>A.     **I don't recall.**<br>Q.     Do you recall seeing either of these individuals searched?<br>A.     **I don't recall.**<br>Q.     At any time when you were in this room with these four individuals, did you search that room?<br>A.     No, I did not.<br>Q.     Can you describe that room for me?<br>A.     What do you mean by "describe?"* | Q.     Do you recall seeing any other police officer personnel besides Detective Kanover on the second floor in that apartment building?<br>A.     Yes.<br>Q.     Who else?<br>A.     **I don't remember who it was.**<br>Q.     Can you describe them to me?<br>A.     **No.**<br>Q.     Race?<br>A.     **Can't remember.**<br>Q.     Gender?<br>A.     **No.** |

*Kanover frequently asked Plaintiffs' counsel to define commonly used terms on numerous occasions in an effort to obstruct the deposition and avoid answering questions, including but not limited to the words "anything," "that," and "able." See Exhibit M at 16 ("What do you remember after *that*?"); id. at 38 (between a certain time period, "did *anything* happen?"); id. at 49 ("Were you *able* to look around that day?").

[5] Plaintiffs anticipate that Defendants will argue that proportionality considerations outweigh the relevance of any testimony. However, the recent amendments to the F.R.C.P. effective December 1, 2015 did not establish a new limit on discovery; rather they merely relocated the limitation from Rule 26(b)(2)(C)(iii) to Rule 26(b)(1). See, e.g., Vaigasi v. Solow Mgmt. Corp., No. 11 Civ. 5088(RMB)(HBP), 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016); Sibley v. Choice Hotels Int'l, CV-14-634 (JS)(AYS), 2015 WL 9413101 at *2 (E.D.N.Y. Dec. 22, 2015) (proportionality was already part of the federal discovery standards); Robertson v. People Magazine, 14 Civ. 6759 (PAC), 2015 WL 9077111 at *2 (S.D.N.Y. Dec. 16, 2015) (proportionality has been a limit on discovery since the 1983 amendments to Rule 26); Advisory Committee Notes to the 2015 Amendments to Rule 26 ("Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties…").

3

at *3-4 (W.D.N.Y. Apr. 26, 2010). It is appropriate for The Court to allow more than ten depositions, unless Defendants show that the additional depositions would be (1) unreasonably cumulative or duplicative, (2) the requesting party had a prior opportunity in discovery to obtain the information sought, or (3) the burden or expense of additional depositions would outweigh any likely benefit. See Fed. R. Civ. P. 26(b)(2)(C); In re Weatherford Int'l Sec. Litig., No. 11 Civ. 1646(LAK)(JCF), 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Raniola v. Bratton, 243 F.3d 610, 628 (2d Cir.2001)); Gross v. Bare Escentuals, Inc., No. 03 Civ. 3089, 2006 WL 3161386, at *1 (S.D.N.Y. Oct. 30, 2006); RxUSA Wholesale, Inc. v. McKesson Corp., No. Civ. 06-4343(DRH)(AKT), 2007 WL 1827335, at *1 (E.D.N.Y. June 25, 2007).

Defendants cannot establish the first two factors for curtailing discovery. As discussed above, Defendants produced deponents without any involvement or memory of the incident. See supra § I-II. Therefore, the testimony provided by any witnesses would not be duplicative or cumulative. Although the produced deponents had "no memory," other officers may recall what happened and may know about relevant issues, such as the names or descriptions of arrestees, the other officers present, where the contraband was located, and relevant police procedures like chain of custody. Moreover, Defendants cannot argue that Plaintiffs squandered their prior opportunity to obtain this information, simply because the produced deponents had "no memory" or involvement in the incident.

Finally, the additional depositions are not so burdensome that it would prejudice Defendants or delay resolution of the case. Plaintiffs have been prepared to take depositions since June 30, and can easily complete these depositions in advance of the August 30 deadline. Further, the likely benefit of obtaining relevant information far outweighs any minimal burden, particularly in a case where Defendants have repeatedly withheld the critical witnesses and impeded the disclosure of relevant information.

Accordingly, Plaintiffs respectfully request that Defendants be ordered to produce the requested witnesses for depositions.

          Respectfully submitted,

          /s

          Robert Marinelli