UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KASHIF     ALLEYNE,     and     DAMANI
MCFARLANE,

                            Plaintiffs,

                   -against-

CITY   OF   NEW   YORK;   P.O.   WALIUR
RAHMAN,   Shield   No.   6428;   Det.   JAMES
MCCULLOUGH,   Shield   No.   31112;   DET.
LORNE KANOVER, Shield No. 1824; JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                         Defendants.

------------------------------------------------------------------ x

**SECOND AMENDED
COMPLAINT**

Jury Trial Demanded

15-CV-1860 (WFK)(VMS)

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of Plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiffs demand a trial by jury in this action.

**PARTIES**

6.      Plaintiffs Kashif Alleyne ("Alleyne"), and Damani McFarlane ("McFarlane"), collectively ("plaintiffs") are residents of Kings County in the City and State of New York.

7.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.      At all times relevant defendants P.O. Waliur Rahman, "Rahman", Det. James McCullough, "McCullough", and Det. Lorne Kanover, "Kanover" were police officers, detectives or supervisors employed by the NYPD and were acting as agents, servants and employees of defendant City of New York and the NYPD.

9.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiffs do not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.    At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

12.    Plaintiffs were in separate areas/apartments in 1346 Prospect Place Boulevard at approximately 5:00 p.m. on October 30, 2014, when a group of officers, including defendants Kanover and McCullough, knocked down the front door and entered each plaintiff's area. At some point later, Defendant Rahman also entered.

13.    Defendants, under the guise of a warrant that was likely based on false information arrested plaintiffs although there was no evidence that they were engaging in criminality.

14.    Plaintiff McFarlane was in a rented room on the second floor where he does art-work when 2 or 3 defendant officers entered his room with their guns drawn. McFarlane was ordered to get on the floor. McFarlane complied.

15.    Plaintiff Alleyne was in his rented basement apartment playing video games when some of the defendant officers entered, ordered Alleyne to the ground and placed a gun to his head.

16.     McFarlane and Alleyne were forcibly removed them from the apartment and taken to a police van; in full view of their neighbors.

17.     Defendants never informed plaintiffs why they were being arrested.

18.     The officers transported plaintiffs to the precinct where they were placed in police cells.

19.     At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiffs committing various crimes.

20.     At no point did the officers observe plaintiffs committing any crimes or offenses.

21.     Ultimately plaintiffs were transported from the police precinct to Brooklyn Central Booking.

22.     Each plaintiff was arraigned in Kings County Criminal Court and released.

23.     Ultimately, all charges against plaintiffs were dismissed.

24.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to their reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

25.     Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

26.     Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

27.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Entry and Search

28.     Plaintiffs repeat and re-allege each and every allegation as if fully set forth herein.

29.     Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiffs' home.

30.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

31.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

32.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

33.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

34.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

35.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36.     Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:    July __, 2016
          New York, New York


_____/ss/_____

Robert Marinelli
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiffs*