icUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
KASHIF ALLEYNE AND DAMANI MCFARLANE,

                Plaintiff,

    -against-                          15 CV 1860 (WFK) (VMS)

THE CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------X

# PLAINTIFF'S MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION FOR
# LEAVE TO AMEND THE COMPLAINT

Robert Marinelli, Esq.
Attorney for Plaintiff

305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

ARGUMENT

POINT I

PLAINTIFF SHOULD BE PERMITTED TO AMEND
HIS COMPLAINT UNDER FED. R. CIV. P. 15(a)

Pursuant to Fed. R. Civ. P. 15(a), permission to amend a complaint should be liberally granted, absent bad faith or undue prejudice. Specifically, the rule provides, "leave[to amend] will be freely given when justice so requires. . . ." As the Second Circuit has held, "Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires, and we have interpreted this instruction in favor of allowing the amendment absent a showing by the non-moving party of bad faith or undue prejudice." *Anthony v. City of New York*, 339 F.3d 129, 138 n.5 (2d Cir. 2003) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); see also *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2d Cir. 1993). Here, there is no basis for any claim of bad faith by plaintiff, nor will defendants suffer any undue prejudice.

The plaintiff is seeking to amend his complaint in three ways; two of which are seemingly beneficial to defendants. The first is by removing an already dismissed *Monell* claim, the second is to remove two defendants who are no longer proper parties and the third is to revise a paragraph which states that the police "did not have a warrant" to clarify that the search warrant used by officers was obtained by false means. This modification allows the pleading to comport with information learned in discovery. In sum, plaintiffs' proposed amendment does not alter the pleading in any way detrimental to defendants.

It is well settled that courts interpret Fed. R. Civ. P. 15 liberally. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995) ("Federal Rule of Civil Procedure 15(a) dictates that motions to amend complaints be liberally granted absent a good reason to the contrary ...."). Requests for leave to amend a complaint should denied only "if there is delay, bad

faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962)).

It is equally clear that a party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Joinnides v. Floral Park–Bellerose Union Sch. Dist.*, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.' ") (quoting *Cummings–Fowler v. Suffolk Cty. Cmty. Coll.*, 282 F.R.D. 292, 296 (E.D.N.Y. 2012)). Here, while the defendants have not consented, they have offered only pro-forma objections, without articulating a coherent basis for their opposition. Plaintiff's SAC does nothing more than conform the pleading to accurately reflect the status of the litigation.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to amend his complaint should be granted in its entirety.

Dated: New York, New York
September 8, 2016

                                 Attorneys for Plaintiffs

                          By:      /s
                                Robert Marinelli, Esq.
                                305 Broadway, Suite 1001
                                New York, New York 10007
                                (212) 822-1427

To:    Wilda Rodriguez (By ECF)