UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KASHIF ALLEYNE AND DAMANI MCFARLANE,

                      Plaintiff,                      15 CV 1860 (WFK) (VMS)

      -against-

                                  **DECLARATION OF
COUNSEL**

THE CITY OF NEW YORK, et al.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        ROBERT MARINELLI, an attorney admitted to practice before the bar of this Court, under penalty of perjury, affirms and declares as follows:

        1.      I represent plaintiffs Kashif Alleyne and Damani McFarlane.  I make this declaration in support of plaintiffs' motion to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2).

        2.      As set forth below and in the attached proposed amended pleading, as well as the accompanying memorandum of law, plaintiff is seeking to file a second amended complaint (the "SAC") for the limited purpose of: (1) eliminating their Monell claim; (2) removing Defendant Yika Morales and Natia Kalandadze who were involved solely in the arrest of Derrick Louigarde1; and (3) revising a paragraph stating that the police "did not have a warrant" to clarify that the search warrant used by officers was obtained by false means.

### Background

---

  1 Plaintiffs' Monell claim and the claims of former defendant Louigard were voluntarily dismissed on April 29, 2016.

3.      This action was commenced on behalf of Mr. Alleyne, Mr. MacFarlane and former plaintiff Derek Louigard on April 6, 2015, against the City of New York and John Does 1 and 10.

4.      The parties appeared for the initial conference on July 17, 2015, following which discovery began. The plaintiff obtained more information concerning the John Doe defendants and on September 18, 2016 plaintiff filed an amended complaint naming Yika Morales, Natia Kalandadze, James McCullough, Lorne Kanover, William Rahman as defendants.

5.      Plaintiffs now wish to amend their complaint removing their Monell allegations because this claim has already been voluntarily dismissed.

6.      Plaintiffs wish to remove defendants Yika Morales and Natia Kalandadze because they were involved solely in Mr. Louigard's arrest. Mr. Louisgard is no longer a party to this action.

7.      Plaintiffs wish to revise paragraph 17, changing the allegation that defendants "did not have a warrant" to clarify that the search warrant used by officers was obtained by false means.

8.      Plaintiffs wish to make this modification so that the pleading will comport with information learned in discovery.

## The Proposed Second Amended Complaint

9.      On June 20, 2016, plaintiff circulated an initial draft of his proposed SAC by email, and requested that the defendants advise whether or not they would consent to its filing.

10.     The proposed SAC advanced no new facts, other than those concerning the existence of a warrant.

11.     On July 26, 2016 defendants informed plaintiffs' that they opposed plaintiffs'

2

proposed filing.

12.     On July 28, 2016, plaintiffs submitted a letter motion requesting a pre-motion conference to discuss plaintiffs' proposed amendment.

13.     On August 31, 2016 a pre-motion conference was held. Defendants' continued to oppose plaintiffs' motion.

14.     Attached hereto is plaintiffs' proposed SAC. The pleading does not add any new defendants or causes of action.

15.     For the reasons set forth in the accompanying memorandum of law, we respectfully contend that the motion for leave to amend the complaint should be granted and plaintiffs permitted to file the proposed amended complaint in this action.

Pursuant to 28 U.S.C. §1746, I declare and affirm that the foregoing is true and correct.

Dated:   New York, New York
         September 8, 2016


            ____/s_____
            Robert Marinelli