# ROBERT MARINELLI
ATTORNEY
305 BROADWAY, 10TH FLOOR
NEW YORK, NEW YORK 10007
(212) 822-1427
Facsimile (212) 202-9646

September 19, 2016

**VIA ECF**
Hon. Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

    Re:    *Alleyne et al. v. City of New York, et al.*, 15-CV-1860 (WFK)(VMS)

Your Honor:

I represent Plaintiffs Damani McFarlane and Kashif Alleyne[1] ("Plaintiffs"). Plaintiffs request that the Court issue an order compelling defendants to produce certain information concerning a Confidential Informant ("CI"), an order requiring the unsealing and production of Criminal Court and District Attorney's files relating to the plaintiffs in the matter <u>Nelson v. Rahman</u>, 15-cv-4988 (KAM)(PK), and production of documents responsive to Your Honor's Order dated July 29, 2016.

## I.     Case Background

For the sake of brevity, I refer Your Honor to Plaintiffs' motions to compel dated February 22, 2016 and June 27, 2016, which contain the underlying facts in this matter. <u>See</u> Dkt. Nos. 39 and 42.

## II.     Documents Requested

    A.    <u>Prior Requests for Confidential Informant Records Requests</u>

On February 22 and June 27, Plaintiffs made motions for the disclosure of information regarding the confidential informant ("CI"). On July 29, Your Honor

---

[1] Sadly, Mr. Alleyne passed away on August 30, 2016. I am in the process of identifying the appropriate person who will represent Mr. Alleyne's estate.

denied Plaintiffs' motion without prejudice. Plaintiffs renew this application, based, in large part, on Defendants' subsequent admission that there is no documentation concerning the procurement and dispersal of 1.) Pre-Recorded Buy Money ("PRBM") or 2.) Remuneration to the CI.

These facts were not established when Your Honor last considered Plaintiffs' motion, and Plaintiffs believe that this development should tip the balance in their favor on this question.

    B.    <u>Proper NYPD Procedures When Using a Confidential Informant to Make a Controlled Buy</u>

It is well known that NYPD officers employ CIs to investigate potential sellers of contraband. An individual officer does this by preparing the CI to do a Controlled Buy ("CBs"). A CB occurs when a CI attempts to make a purchase of contraband from a specific location under the direction and supervision of NYPD officers. In order to prevent corruption and to ensure that these CBs provide reliable information, NYPD officers are required to follow certain protocols in their supervision and direction of CIs. In an August 2, 2016 deposition, NYPD Detective Christopher Ottomanelli testified about some of the more central of these protocols.[2]

According to Ottomanelli, prior to the execution of a CB, an NYPD supervisor obtains money <u>from department funds</u> and disperses it to the case officer.[3] <u>Id.</u> at 16-18. The case officer is then responsible for making photocopies of the department money and keeping the photocopies and other records of this Pre Recorded Buy Money ("PRBM") in the case file. <u>Id.</u> The case officer provides the PRBM to the CI. <u>Id.</u> at 18-19, 25. The CI then attempts to make a buy using the PRBM. <u>Id.</u> at 19. If successful, the CI provides the case officer with the contraband and returns any remaining PRBM. The case officer documents the transaction on a payment form and by making a report in the case system. <u>Id.</u> at 26-27. In the narcotics division, that system is the Nitro System. <u>Id.</u> at 27.

Upon a successful buy, the CI generally receives a cash payment. <u>Id.</u> at 19-20, 26. In lieu of money, CIs can receive court consideration, such as getting less jail time

---

[2] Detective Ottomanelli was deposed in the matter <u>Haskins v. City of New York et al.</u>, 15-CV-2016 (MKB)(RML). Detective Ottomanelli worked in narcotics for over eight years and participated in "hundreds" of controlled buys. <u>See</u> Exhibit A (Ottomanelli Deposition) at 23.

[3] In this matter, Defendant Waliur Rahman is the case officer.

or receiving a favorable plea bargain. Id. at 20. The case officer will record whether the CI received money or court consideration, and whether there was leftover PRBM on a payment form. Id. at 20, 25-26. If the buy is unsuccessful, the PRBM is returned to the officer or the supervisor and returned to department funds. Id. at 19.

### C. Plaintiffs Seek the Following CI Discovery

As stated above, Defendants failed to document the dispersal of PRBM and payments to the CI. Taken in conjunction with other irregularities in Defendant Rahman's deposition testimony,[4] Plaintiffs' record shows legitimate concerns about the integrity of this operation. Accordingly, Plaintiffs renew their request for:

- This CI's information from NYPD's confidential informant database. This database has quarterly reviews, evaluations ratings by the CI's designated contact and supervisor on a quarterly basis;
- Any documentation reflecting any contact between the CI and Rahman, or any other member of the NYPD regarding this incident;
- The entire case file for this matter, including all payment forms, and reports made to the case system;
- The "Rap Sheet" of the CI.

### D. Nelson Discovery

As Your Honor is aware, there is a separate proceeding pending in this District, Nelson v. Rahman, 15-cv-4988 (KAM)(PK), concerning the same incident. In that matter, the Honorable Peggy Kuo has ordered Defendants to produce the criminal court file and the District Attorneys' files for Plaintiffs McFarlane and Alleyne.

Plaintiffs respectfully request that Your Honor order Defendants to provide this same information for the six plaintiffs in Nelson.

### D. Defendants Failures to Obey Your Honor's Order of July 29[5]

In addition, Defendants have either not produced, or not produced in a coherent fashion, the following categories of documents:

---

[4] These deficiencies are detailed in Plaintiffs' July 22 letter motion.

[5] See Dkt. No. 46

1. <u>DD5 Police Reports</u>

In Your Honor's Order of July 29, defendants were ordered to produce all DD5s relating to this matter. At this writing, Defendants have failed to do so. Plaintiffs ask Your Honor to order Defendants to immediately produce these documents.[6]

2. <u>Scratch Notes Taken by Defendant Rahman</u>

Defendants have not produced Rahman's handwritten notes concerning his interactions with the C.I. pursuant to Your Honor's Order.

3. <u>Legible Memo Books</u>

Defendants' production books are not only overly redacted, they do not reveal the identity of the memo books' owners. Plaintiffs request that the memo books, subject to a protective order, be produced in an unredacted format and identify the maker of each entry by providing a copy of each book's "cover page."

Plaintiffs respectfully request that Your Honor order defendants to provide this same information to Plaintiffs for the six plaintiffs in Nelson.

Respectfully submitted,

/ss/

Robert Marinelli

cc: ACC Wilda Rodriguez
NYC Law Department

---

[6] In Rahman's deposition he repeatedly refers to information that he entered in DD5s. <u>See</u> Exhibit B (Rahman Deposition) at 21-22, 101-103, 112-113, 118, 123, 131-136, 142-157.