**R O B E R T   M A R I N E L L I**

A T T O R N E Y

3 0 5   B R O A D W A Y ,   S U I T E   1 0 0 1

N E W   Y O R K ,   N E W   Y O R K   1 0 0 0 7

( 2 1 2 )   8 2 2 - 1 4 2 7

F a c s i m i l e   ( 2 1 2 )   2 0 2 - 9 6 4 6

November 29, 2016

**BY ECF**
Vera M. Scanlon, Esq.
United States District Court
Eastern District of New York
225 Cadman Plaza East
New York, New York 11201

      Re:    *Alleyne et al. v. City of New York, et al.*, 15-CV-1860 (WFK)(VMS)

Your Honor:

      I represent the plaintiff Kashif Alleyne ("Mr. Alleyne") in this action. He recently died. I am writing (a) to respond to the Court's August 1, 2016 Order and (b) to move, pursuant to Fed. R. Civ. P. 6(b), to extend the time for plaintiff's successors to file a motion for substitution under Fed. R. Civ. P. 25(a)(1) until January 28, 2016.

**A.**    <u>**Mr. Alleyne's Death**</u>

      On August 30, 2016, Mr. Alleyne was shot and killed in Crown Heights, Brooklyn. On August 31, 2016, defendants filed Suggestion of Death and, on September 1, 2016, the Court ordered that a motion for substitution under Rule 25(a)(1) must be filed within 90 days of the notice of death.

      Rule 25(a) (1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

      A "representative" of the deceased party's estate or a "successor" of the deceased party is a "proper party" for substitution. *See Kernisant v. City of New York*, 225 F.R.D. 422, 429 n. 6 (E.D.N.Y. 2005); *Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004). A "representative" is defined as a person who has received letters

to administer the estate of the decedent, usually the appointed administrator or executor of the decedent's estate. *See Kernisant*, 225 F.R.D. at 429 n. 6; *Graham*, 224 F.R.D. at 64; *Gronowicz v. Leonard*, 109 F.R.D. 624, 626 (S.D.N.Y. 1986); N.Y. E.P.T.L. § 1–2.13. Here, Mr. Alleyne died intestate and, as detailed below, we are in the process of obtaining letters of administration that would enable a representative of his estate to move for substitution.

## B.    Good Faith Efforts to Appoint an Administrator

On or about October 26, 2016, I learned that Mr. Alleyne is survived by twin children, Madison and Mason Cunningham (the "Children"). The Children were born on February 2, 2014. Ms. Ivory Cunningham is the Children's mother and has expressed a desire to continue prosecuting this lawsuit on the Children's behalf.

Because the Children are minors and Mr. Alleyne died intestate, a guardian must be appointed in the surrogate's court before an administrator can be named. Once this guardian is appointed, the process of naming administrator can commence. *See Garcia v. City of New York, et al.*, No. CV 08-2152 (RRM)(MDG), 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009).

On or about October 27, 2016, I met with the Bronx County Guardianship and Fiduciary Support Office as well as the Administration Office in order to obtain the paperwork necessary to designate Ms. Cunningham as the administrator of Mr. Alleyne's estate on behalf of their children. Beginning on October 27, 2016, my office has made numerous appointments to meet with Ms. Cunningham and have her execute the appropriate paperwork.

I scheduled appointments with Ms. Cunningham on five different dates this month—November 4, 7, 11, 14 and 18. Unfortunately, because the prospect of our meeting reminded Ms. Cunningham of Mr. Alleyne's death, these meetings were cancelled due to related grief that this caused. Finally, late last week, I was able to meet with Ms. Cunningham and have the necessary guardianship paperwork completed. However, now, since Mr. Alleyne does not appear on his children's birth certificates, there are additional difficulties in appointing Ms. Cunningham as administrator of his estate. I am working with an attorney experienced in this area to accomplish this, and I hope to achieve progress in this respect very soon.

## C.    An Extension of Time Under Rule 6(b) Is Appropriate

Notwithstanding the apparently mandatory language in Rule 25(a), the district court has considerable discretion in addressing the timing of substitution in the event of the death of a party. Fed. R. Civ. P. 25; Moore's Federal Practice § 25.10[2] (3d

Ed.2000). As a general matter, Courts have uniformly held that extensions under Rule 6(b) should be liberally granted **in the absence of bad faith or prejudice to the adverse party**. *Kernisant v. City of New York*, 225 F.R.D. 422, 431 (E.D.N.Y.2005) (quoting C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 1165 (2d ed.1986)); *McKenzie v. Fishko*, No. 12 Civ. 7297 (LTC)(KNF), 2013 WL 6202265, at *2 (S.D.N.Y. Nov. 27, 2013); *Kernisant v. City of New York*, 225 F.R.D. 422 (E.D.N.Y. 2005); *Gronowicz,* 109 F.R.D. at 627. Counsel's request is not made in bad faith nor are defendants prejudiced by an extension.

More specifically, an extension of time to move for substitution under Rule 6(b) is proper **in the event of an inability or significant difficulty in identifying a legal representative to serve as administrator**. Fed. R. Civ. P. 6(b); *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *Pastorello v. City of New York*, No. 95 CIV. 470, 2000 WL 1538518, at *2 (S.D.N.Y. Oct. 18, 2000) (granting 6(b) enlargement motion to extend the time to move for substitution); *Jones Inlet Marina, Inc. v. Inglima, et al.*, 204 F.R.D. 238, 240 (E.D.N.Y. 2001).

The delays in this matter are not the result of bad faith. Counsel has diligently sought to find appropriate heirs to commence the process of naming an administrator. However, as discussed above, the process of naming an administrator has been slowed by numerous complicating factors and Ms. Cunningham's understandable emotional state.

Finally, allowing additional time will not prejudice defendants. Mr. Alleyne's co-plaintiff, Damani McFarlane, is still prosecuting this action. Defendants will need to litigate the case regardless of whether the action by Mr. Alleyne is dismissed. Accordingly, permitting Mr. Alleyne's family time to have an administrator appointed will not affect defendants' litigation costs or trial strategy.

Given the absence of bad faith and prejudice, as well as the significant difficulty in appointing an administrator for Mr. Alleyne's estate, we respectfully request that the Court extend the time to substitute until January 28, 2017.

Yours truly,

/s/

Robert Marinelli