

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
SPECIAL FEDERAL LITIGATION
DIVISION
100 Church Street, 3rd Floor
New York, NY 10007

ALEXANDER NOBLE
phone: (212) 356-2357
fax: (212) 356-3508
email: anoble@law.nyc.gov

May 19, 2017

**VIA ECF & FIRST CLASS MAIL**
Honorable William F. Kuntz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   <u>Alleyne, et al. v. P.O. Rahman, et al.</u>, 15-CV-01860 (WFK)(VMS)

Your Honor:

I am an Assistant Corporation Counsel and the attorney assigned to the defense of the above-referenced matter. Pursuant to Your Honor's Individual Rules of Practice, § 3(B)(1)(i), I write to respectfully request that the Court schedule a pre-motion conference, wherein defendants Officer Rahman, Officer Kanover, and Officer McCullough intend to request permission to move for summary judgment to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 56.

### I.     Background

By way of background, plaintiffs Kashif Alleyne, Derrick Louigarde, and Damani McFarlane (hereinafter "plaintiffs") filed the First Amended Complaint against defendants City of New York, Officer Rahman, Detective Morales, Detective Kaladadze, Detective McCullough, and John/Jane Doe defendants. (<u>See</u> Docket Entry No. 10) Plaintiffs alleged claims of unlawful entry/search, false arrest, unreasonable force, failure to intervene, and a <u>Monell</u> claim for municipal liability. On May 2, 2016, the Court endorsed a Stipulation of Withdrawal dismissing plaintiff's claims of excessive force against defendants and dismissing defendant City from the action. (<u>See</u> Docket Entry No. 25) On May 27, 2016, the Court endorsed a Stipulation of Withdrawal dismissing all claims alleged by plaintiff Louigarde. (<u>See</u> Docket Entry No. 29) On August 31, 2016, defendants filed a Suggestion of Death advising the Court of the death of plaintiff Alleyne on August 28, 2016. (<u>See</u> Docket Entry No. 49) By letter dated April 5, 2017,

plaintiff's counsel informed the Court that plaintiffs would voluntarily withdraw and dismiss the claims of deceased plaintiff Alleyne. (See Docket Entry No. 74)[1]

In light of the above, the only remaining claims in this action are plaintiff McFarlane's claims of unlawful entry/search and false arrest. For the reasons set below, defendants possess a good faith basis on which to move for a dispositive summary judgment.

## II.     Plaintiff McFarlane Has No Viable Unlawful Entry/Search Claim.

It is well-settled that, in the context of unlawful entry/search claims, "the issuance of a warrant by a neutral judge, which depends on a finding of probable cause, creates a presumption that it was objectively reasonable for the officers to believe that there was probable cause." Liranzo v. City of N.Y., 11-CV-4434 (RJS), 2012 U.S. Dist. LEXIS 178872 (S.D.N.Y. Dec. 11, 2012). "A plaintiff challenging the validity of a search warrant faces a heavy burden and must demonstrate that 'the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause.'" Smith v. City of N.Y., 04-CV-3286 (TPG), 2010 U.S. Dist. LEXIS 88774 (S.D.N.Y. Aug. 27, 2010) (citing Soares v. Connecticut, 8 F.3d 917, 920 (2d Cir. 1993)).

It is undisputed that defendants entered 1346 Prospect Place, the residence where plaintiff McFarlane was arrested, pursuant to facially valid search warrants issued by the Kings County Criminal Court. The search warrants authorized entry and search of all floors of 1346 Prospect Place and were based on a finding that probable cause existed to believe that illegal drugs and paraphernalia, among other things, were located on the premises. Plaintiff has failed to adduce evidence establishing that the search warrants were procured through false information. Thus, plaintiff cannot overcome the presumption of probable cause created by the search warrants issued by the Kings County Criminal Court, and defendants are entitled to summary judgment as to plaintiff's unlawful entry/search claim.

## II.     Plaintiff McFarlane Has No Viable False Arrest Claim.

"Where there is evidence to believe that a person is in constructive possession of contraband, the arresting officer has probable cause to arrest." Caraballo v. City of N.Y., 10-CV-1885 (SJ) (RML), 2012 U.S. Dist. LEXIS 188902, *6 (E.D.N.Y. June 21, 2012). The question of "whether the Plaintiffs were in constructive possession of contraband is a matter of law, not fact," that may be decided by the Court on a motion for summary judgment. Id. Under New York law, a person "constructively possesses tangible property when he exercises dominion and control over the property with a sufficient level of control over the area in which the contraband is found." Torres v. Hanslmaier, 94-CV-4082 (MGC), 1995 U.S. Dist. LEXIS 6193, at *6-7, (S.D.N.Y. May 8, 1995)(holding that where a jury could find that defendant resided at an apartment, there was "circumstantial evidence that he had constructive possession over the contraband contained within it").

---

[1] Defendants are providing plaintiffs with a Stipulation and Order of Withdrawal and Voluntary Dismissal and will file same with the Court upon execution by the parties.

It is undisputed that, during execution of the search warrants at 1346 Prospect Place, officers discovered plaintiff McFarlane in a bedroom where he admittedly resided. During the search, officers recovered numerous bags of marijuana and drug packaging paraphernalia, including a scale, from the living room of the floor where plaintiff resided. Thus, there was probable cause to arrest plaintiff McFarlane for, among other things,[2] constructive possession of the illegal contraband recovered from the living room, which constitutes a so-called "common area" of his residence over which dominion and control may be reasonably inferred. See <u>Jackson v. Suffolk Cty.</u>, 87 F. Supp. 3d 386, 406 (E.D.N.Y. 2015). Additionally, plaintiff admitted to providing tattoo services out of his residence, confirmed by the presence of tattooing equipment discovered by police officers during the search. Plaintiff's apparent operation of an unlicensed tattoo shop provided an additional basis for his arrest based on violation of §§22-01, *et seq.*, of the New York City Health Code. At a minimum, under the undisputed facts, defendants are entitled to qualified immunity, as "'officers of reasonable competence could disagree' on the question of whether there was probable cause to arrest plaintiff." <u>Walczyk v. Rio</u>, 496 F.3d 139, 154 (2d Cir. 2007)(quoting <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986)).

### III.     Conclusion

In light of the foregoing, defendants believe they have a good faith basis on which to move for summary judgment as to the remaining plaintiff McFarlane's unlawful entry/search and false arrest claims pursuant to Fed. R. Civ. P. 56. Defendants therefore respectfully request that the Court schedule a pre-motion conference. Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/

ALEXANDER NOBLE
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     Robert Marinelli, Esq. *(By ECF & Email)*
        Juliene Munar, Esq. *(By ECF & Email)*

---

[2] Defendants reserve the right to assert additional points in full briefing on the matter.