UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X

KASHIF ALLEYNE, and DAMANI MCFARLANE,

                                                                            Plaintiffs,

              -against-

CITY OF NEW YORK; P.O. WALIUR RAHMAN, Shield No. 6428; Det. JAMES MCCULLOUGH, Shield No. 31112; DET. LORNE KANOVER, Shield No. 1824; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                          Defendants

------------------------------------------------------------------------- X

**DECLARATION OF ALEXANDER NOBLE IN SUPPORT OF DEFENDANTS' MEMORANDUM**

15-CV-1860 (WFK) (VMS)

       **ALEXANDER NOBLE**, an attorney duly admitted to practice law in the State of New York, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1. I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York. I am the attorney assigned to the defense of this action. As such, I am familiar with the facts and circumstances stated herein.

       2. I submit this declaration in support defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support of their motion, defendants submit the exhibits described below.

       3. Annexed hereto as Exhibit "A" is a true and correct copy of the Second Amended Complaint, which sets forth, among other things, that plaintiff was arrested on October 30, 2014 following execution of a search warrant at his residence at 1346 Prospect Place,

Brooklyn, New York, and that plaintiff was present at his residence when the search warrant was executed.

4. Annexed hereto as Exhibit "B" is a true and correct copy of Transcript of Plaintiff's Deposition, which sets forth, among other things, that he resided in a rented room on the second floor of a house located at 1346 Prospect Place, Brooklyn, New York on the date the search warrant was executed; that plaintiff had lived there for a year prior to the execution of the search warrant; that plaintiff was the only resident of the second floor present when the search warrant was executed; that plaintiff was handcuffed by an unknown police officer during execution of the search warrant; and that approximately $1,300 in cash believed to be the proceeds of a narcotics transaction was recovered from plaintiff's person during his arrest.

5. Annexed hereto as Exhibit "C" is a true and correct copy of the Search Warrant No. 730/14, which sets forth, among other things, that the Kings County Criminal Court issued a warrant authorizing entry and search of the ground floor of 1346 Prospect Place, Brooklyn, New York.

6. Annexed hereto as Exhibit "D" is a true and correct copy of the Search Warrant No. 731/14, which sets forth, among other things, that the Kings County Criminal Court issued a warrant authorizing entry and search of the first floor of 1346 Prospect Place, Brooklyn, New York.

7. Annexed hereto as Exhibit "E" is a true and correct copy of the Search Warrant No. 732/14, which sets forth, among other things, that the Kings County Criminal Court issued a warrant authorizing entry and search of the second floor of 1346 Prospect Place, Brooklyn, New York, and that the Court found there was probable cause to believe marijuana, paraphernalia, and currency relating to illegal trafficking of marijuana will be found there.

8. Annexed hereto as Exhibit "F" is a true and correct copy of the Search Warrant Pre-Execution Plan, which sets forth, among other things, that police officers executed Search Warrant No. 732/14 at 1346 Prospect Place, Brooklyn, New York on October 30, 2014.

9. Annexed hereto as Exhibit "G" is a true and correct copy of the Transcript of Detective Rahman's Deposition, which sets forth, among other things, that Detective Rahman and other police officers conducted a search of the second floor of 1346 Prospect Place, Brooklyn, New York pursuant to Search Warrant No. 732/14 on October 30, 2014; that Detective Rahman recovered 12 ziplock bags of marijuana in plain view on the living room floor of the second floor; and that Detective Rahman recovered 4 additional ziplock bags of marijuana in plain view from a table in the living room of the second floor.

10. Annexed hereto as Exhibit "H" is a true and correct copy of the is a true and correct copy of the Property Clerk Invoice No. 3000446256, which sets forth, among other things, that Detective Rahman recovered 12 bags of marijuana in plain view from the living room floor on the second floor during execution of Search Warrant No. 732/14 at 1346 Prospect Place, Brooklyn, New York.

11. Annexed hereto as Exhibit "I" is a true and correct copy of the Field Test for Invoice No. 3000446256, which sets forth, among other things, that the substance in the 12 ziplock bags of marijuana recovered in plain view from the living room floor on the second floor was marijuana.

12. Annexed hereto as Exhibit "J" is a true and correct copy of the is a true and correct copy of the Property Clerk Invoice No. 3000446232, which sets forth, among other things, that Detective Rahman recovered 4 additional bags of marijuana in plain view from the

living room table on the second floor during execution of Search Warrant No. 732/14 at 1346 Prospect Place, Brooklyn, New York.

13. Annexed hereto as Exhibit "K" is a true and correct copy of the Field Test for Invoice No. 3000446232, which sets forth, among other things, that the substance in the 4 additional ziplock bags of marijuana recovered in plain view from the table in the living room was marijuana.

14. Annexed hereto as Exhibit "L" is a true and correct copy of the Property Clerk Invoice No. 3000446307, which sets forth, among other things, that Detective Rahman recovered a scale from the second floor during execution of Search Warrant No. 732/14 at 1346 Prospect Place, Brooklyn, New York.

15. Annexed hereto as Exhibit "M" is a true and correct copy of the Property Clerk Invoice No. 3000446266, which sets forth, among other things, that approximately $1,300 in cash was recovered from plaintiff's person during his October 30, 2014 arrest.

16. Annexed hereto as Exhibit "N" is a true and correct copy of the Property Clerk Invoice No. 3000446248, which sets forth, among other things, that one ziplock bag of marijuana was recovered from plaintiff's sock during his October 30, 2014 arrest.

17. Annexed hereto as Exhibit "O" is a true and correct copy of the Field Test for Invoice No. 3000446248, which sets forth, among other things, that the substance in the one ziplock bag recovered from plaintiff's sock was marijuana.

18. Annexed hereto as Exhibit "P" is a true and correct copy of the Arrest Report which sets forth, among other things, that plaintiff was arrested on charges of Criminal Possession of Drug Paraphernalia in the Second Degree under § 220.50 (02); Criminal

Possession of Marijuana in the Fourth Degree under § 221.15; and Criminal Possession of Marijuana in the Fifth Degree under § 221.10 (01).

19. Annexed hereto as Exhibit "Q" is a true and correct copy of the Transcript of Detective Kanover's Deposition, which sets forth, among other things, that Detective Kanover did not play any role in procuring Search Warrant No. 732/14; and that Detective Kanover was one of many police officers who took part in executing Search Warrant No. 732/14.

20. Annexed hereto as Exhibit "R" is a true and correct copy of the Transcript of Detective McCollough's Deposition, which sets forth, among other things, that Detective McCollough did not play any role in procuring Search Warrant No. 732/14; and that Detective Kanover was one of many police officers who took part in executing Search Warrant No. 732/14.

Dated: New York, New York
       September 18, 2017

    ZACHARY W. CARTER
    Corporation Counsel for the
     City of New York
    *Attorney for Defendants Rahman, Kanover, and McCollough*
    100 Church Street, Room 3-168
    New York, New York 10007
    (212) 356-2357

    By:   */s/ Alexander Noble*
        Alexander Noble
        Assistant Corporation Counsel
        Special Federal Litigation Division

**BY FIRST CLASS MAIL & ECF**
TO:  Robert Marinelli, Esq.
      Drei Munar, Esq.
      *Attorneys for Plaintiff*
      305 Broadway
      9th Flr.
      New York, NY 10007