FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JUN 19 2018 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAMANI MCFARLANE,

            Plaintiff,

            v.

P.O. WALIUR RAHMAN, P.O. LORNE
KANOVER, P.O. JAMES MCCULLOUGH,
and JOHN AND JANE DOES 1-10,

            Defendants.
------------------------------------------------------------X

**DECISION & ORDER**
15-CV-1860 (WFK)(VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Plaintiff Damani McFarlane brings this action pursuant to 42 U.S.C. § 1983 against defendants Detective Waliur Rahman, Detective James McCullough, Detective Lorne Kanover, and John and Jane Does 1-10 to recover damages for alleged violations of his constitutional rights guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, specifically iterated as claims for (1) unlawful entry and search, (2) false arrest, and (3) failure to intervene. Detective Waliur Rahman, Detective James McCullough, and Detective Lorne Kanover (collectively, "Defendants") now move under Rule 56 of the Federal Rules of Civil Procedure for summary judgment as to all claims asserted against them. For the reasons that follow, Defendants' motion for summary judgment is GRANTED.

## BACKGROUND AND PROCEDURAL HISTORY

On September 9, 2016, plaintiff Damani McFarlane and former plaintiff Kashif Alleyne filed a second amended complaint in this action against defendants the City of New York ("the City"), Detective Waliur Rahman, Detective James McCullough, Detective Lorne Kanover, and John and Jane Does 1-10. Second Amended Complaint ("SAC"), ECF No. 50-2.[1] While the SAC includes Kashif Alleyne as a named plaintiff, defense counsel filed a suggestion of death as

---

[1] Although the SAC was attached as an exhibit to a motion for leave to file an amended complaint, this Court had previously granted plaintiffs permission to file the SAC during a pre-motion conference held on August 31, 2016. *See* August 31, 2016 Minute Entry.

1

to Kashif Alleyne on August 31, 2016, ECF No. 49, and plaintiffs' counsel has withdrawn all claims asserted by plaintiff Alleyne, *see* April 5, 2017 Letter at 1, ECF No. 74. Accordingly, Damani McFarlane (hereinafter, "Plaintiff") is the only remaining plaintiff in this action. Defs.' Rule 56.1 Statement of Undisputed Facts ("Defs.' Facts") at 1 n.2, ECF No. 86. Moreover, although the plaintiffs named the City as a defendant in the SAC, the plaintiffs voluntarily dismissed all claims against the City pursuant to a stipulation and order of voluntary dismissal so-ordered by this Court on May 2, 2016. ECF No. 25.

This action arises out of the arrests of Alleyne and McFarlane following the execution of search warrants at 1346 Prospect Place in Brooklyn, New York, on October 30, 2014, by members of the New York City Police Department ("NYPD"). Pl.'s Resp. to Defs.' Rule 56.1 Statement of Undisputed Facts ("Pl.'s Facts") ¶¶ 1, 11, ECF No. 96; SAC ¶¶ 12-13. The house located at 1346 Prospect Place contained four levels: the basement, the ground floor, the first floor, and the second floor. Pl.'s Facts ¶ 3. Plaintiff rented a bedroom on the second floor of the house, where he had lived for one year prior to the October 30, 2014 incident. *Id.* ¶¶ 4-5. On October 30, 2014, pursuant to search warrants issued by the Kings County Criminal Court on October 29, 2014 for the three residential floors of the property at 1346 Prospect Place, Detective Rahman and other NYPD officers entered the house and conducted a search of the second floor. *Id.* ¶¶ 6, 11-12; Defs.' Memo in Supp. of Mot. for Summ. J. ("Defs.' Memo") at 2, ECF No. 93. The search warrant for the second floor of the property at 1346 Prospect Place was issued based on the determination of the Kings County Criminal Court that there was probable cause to believe marijuana and money related to the illegal trafficking of marijuana, among other items, would be found on the second floor of the house. Pl.'s Facts ¶ 10; Defs.' Memo at 2.

According to Defendants, "Detective Rahman recovered a number of plastic bags [of] marijuana in plain view from the living room floor on the second floor during execution of the search warrant." Defs.' Memo at 2; Defs.' Facts ¶ 13  Specifically, according to Defendants, Detective Rahman recovered twelve ziplock bags of marijuana in plain view from the living room floor, and an additional four ziplock bags of marijuana in plain view from a table in the living room. Defs.' Memo at 2; Defs.' Facts ¶¶ 14, 16.  Defendants also contend Detective Rahman recovered one ziplock bag of marijuana from Plaintiff's sock when he was arrested as well as a scale from the second floor. Defs.' Memo at 2-3; Defs.' Facts ¶¶ 18, 24.

Plaintiff disputes several of these facts.  Plaintiff states "[t]here is no living room on the second floor and no marijuana was found in plain view." Pl.'s Facts ¶ 13.  Plaintiff also refutes that he had marijuana in his sock or in his bedroom, and claims he is "unaware of the existence of any scale." *Id.* ¶¶ 18, 24, 33.  Detective Rahman recovered approximately $1,300.00 in cash from Plaintiff's person when he was arrested, a fact which Plaintiff does not dispute. *Id.* ¶ 22.  Plaintiff also does not dispute that he was present in his bedroom on the second floor of the house, and that he was the only resident of the second floor present during the search by the officers. *Id.* ¶¶ 19-20.  Plaintiff was arrested on New York state charges of criminal possession of drug paraphernalia in the second degree, criminal possession of marijuana in the fourth degree, and criminal possession of marijuana in the fifth degree. *Id.* ¶ 26.

On September 18, 2017, Defendants served their motion for summary judgment as to all remaining claims asserted against them.  In his opposition to Defendants' motion, dated November 13, 2017 and filed on ECF on February 2, 2018, Plaintiff withdrew his claim for unlawful entry and search in its entirety and withdrew his claims for false arrest and failure to intervene against Detective James McCullough and Detective Lorne Kanover, concluding

3

"Plaintiff continues only his claims of false arrest against Waliur Rahman." Pl.'s Memo in Opp. to Defs.' Mot. for Summ. J. ("Pl.'s Opp.") at 1, ECF No. 95. Plaintiff does not specifically indicate whether he intends to completely withdraw his claim for failure to intervene or whether he intends to withdraw it only as against defendants Kanover and McCullough. However, Plaintiff states he has "withdrawn the claim in Point IV," which presumably corresponds to Point IV in Defendants' motion, addressing the failure to intervene claim. Pl.'s Opp. at 8. In any event, because Plaintiff does not respond to Defendants' memorandum regarding the failure to intervene claim, the Court concludes Plaintiff has withdrawn that claim against all defendants. *See Jackson v. Fed. Express*, 766 F.3d 189, 198 (2d Cir. 2014) ("[A] partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims.").

Accordingly, the Court considers only whether Detective Rahman is entitled to summary judgment as to the false arrest claim asserted against him.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" by citation to materials in the record, including depositions, affidavits, declarations, and electronically stored information. Fed. R. Civ. P. 56(a)-(c). Affidavits and declarations, whether supporting or opposing a summary judgment motion, "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.*; *see also Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004).

"In determining whether summary judgment is appropriate, [the] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw

all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (citation and internal quotation marks omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to answer "the threshold inquiry of determining whether there is the need for a trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The Court must therefore review whether the record could "lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

If the moving party carries its preliminary burden, the burden shifts to the non-movant to raise the existence of "specific facts showing that there is a genuine issue for trial." *Cityspec, Inc. v. Smith*, 617 F. Supp. 2d 161, 168 (E.D.N.Y. 2009) (Wexler, J.) (quoting *Matsushita*, 475 U.S. at 586). "The mere existence of a scintilla of evidence" in support of the non-movant will be insufficient to defeat a summary judgment motion. *Anderson*, 477 U.S. at 252. Rather, the non-moving party must make a showing sufficient to establish the existence of each element constituting its case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."). Conclusory statements, devoid of specifics, are insufficient to defeat a properly supported motion for summary judgment. *See Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).

## DISCUSSION

### I. False Arrest

#### A. Applicable Law

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citations omitted); *Folk v. City of New York*, 243 F. Supp. 3d 363, 371 (E.D.N.Y. 2017) (Kuntz, J.). Under New York law, a plaintiff alleging false arrest must show: (1) "the defendant intended to confine" the plaintiff; (2) "the plaintiff was conscious of the confinement"; (3) "the plaintiff did not consent to the confinement"; and (4) "the confinement was not otherwise privileged." *Broughton v. State*, 335 N.E.2d 310, 314 (N.Y. 1975); *Folk*, 243 F. Supp. 3d at 371. An arrest is privileged if it was "based on probable cause." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (citing and quoting *Broughton*, 335 N.E.2d at 315). Accordingly, "[t]he existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Weyant*, 101 F.3d at 852 (citations and quotation marks omitted); *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007).

"In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852 (citations omitted); *United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983) (citations omitted). "Constructive possession exists when a person has the power and intention to exercise dominion and control over an object, and may be shown

by direct or circumstantial evidence." *United States v. Facen*, 812 F.3d 280, 286-87 (2d Cir. 2016) (citations omitted). "The doctrine of constructive possession allows the police to find probable cause to arrest anyone in a dwelling when contraband is discovered in plain view and it reasonably appears that all members of the dwelling exercised dominion and control over the area in which the contraband is found." *Takacs v. City of New York*, 09-CV-481, 2011 WL 8771384, at *3 (S.D.N.Y. Jan. 24, 2011) (Sand, J.) (citing *United States v. Heath*, 455 F.3d 52, 57 (2d Cir. 2006)); *see also Jackson ex rel. Jackson v. Suffolk Cty.*, 87 F. Supp. 3d 386, 406 (E.D.N.Y. 2015) (Bianco, J.) ("Under New York law, constructive possession . . . requires a showing that the defendant exercised dominion or control over the property by a sufficient level of control over the area in which the contraband is found or over the person from whom the contraband is seized." (quotation marks and citations omitted)). "Where there is evidence to believe that a person is in constructive possession of contraband, the arresting officer has probable cause to arrest." *Caraballo v. City of New York*, 10-CV-1885, 2012 WL 12883307, at *2 (E.D.N.Y. June 26, 2012) (Johnson, J.), *aff'd*, 526 F. App'x 129 (2d Cir. 2013).

    B.    Analysis

        1.    **Facts in Dispute**

As an initial matter, Plaintiff fails to comply with Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1"), which requires a party opposing a motion for summary judgment to submit "a correspondingly numbered paragraph responding to each numbered paragraph in the [statement of undisputed facts] of the moving party . . . followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Rule 56.1. Specifically, in response to Defendants' statements that Detective Rahman recovered twelve ziplock bags of

marijuana in plain view from the living room floor on the second floor and four ziplock bags of marijuana in plain view from a table in the living room on the second floor, Plaintiff states "[t]here is no living room on the second floor and no marijuana was found in plain view," but does not cite any evidence in support. Pl.'s Facts ¶¶ 13-17.

In Plaintiff's Local Rule 56.1 counterstatement of undisputed facts, on page seven, Plaintiff again states "[t]here is no living room on the second floor of 1346 Park Place in Brooklyn."[2] *Id.* ¶ 29. As support, Plaintiff cites two sources: (1) Plaintiff's own deposition testimony taken on June 14, 2016 ("McFarlane Tr."), Ex. B to the Decl. of Alexander Noble in Supp. of Defs.' Mot. ("Noble Decl.") at 39:10-40:1, ECF No. 89-2; and (2) a document purporting to be a floor plan of the second floor at 1346 Prospect Place, Ex. 1 to the Decl. of Robert Marinelli in Opp. to Defs.' Mot. ("Marinelli Decl."), ECF No. 97-1.[3] Pl.'s Facts ¶ 29. Nothing Plaintiff cites, however, refutes Defendants' contention that marijuana was found on the second floor. Moreover, although Plaintiff states "when plaintiff's door was kicked in, he had no

---

[2]   Plaintiff refers to "1346 Park Place," Pl.'s Facts ¶ 29, which is a different address than 1346 Prospect Place, where Plaintiff resided. The Court construes this as a typo.

[3]   As Defendants argue, there are numerous issues with the document purporting to be a floor plan of the second floor, ECF No. 97-1, and the Court declines to credit it. As an initial matter, the declaration to which this document is attached as an exhibit states this document is derived from Zillow.com and was last accessed on November 13, 2017, more than three years after October 30, 2014, the date of the search and arrest at issue. Marinelli Decl. at 1. Additionally, at the bottom of the document is a disclaimer stating "[n]o statement is made as to accuracy of any description," and also cautions that information contained in the document "is subject to errors [and] omissions," among other matters. ECF No. 97-1. Moreover, the document does not show a kitchen on the second floor, whereas both Detective Rahman and Plaintiff testified there was a kitchen on the floor at the time of the search. *See* June 16, 2016 Deposition Testimony of Detective Waliur Rahman ("Rahman Tr."), Ex. G to Noble Decl. at 221:22-24, ECF No. 89-7; McFarlane Tr. at 39:1-2. In short, the document does not appear to accurately reflect the second floor on October 30, 2014, and would not be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998) ("On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial." (citation omitted)).

marijuana on his person or in his room," and cites his own deposition testimony as support, Pl.'s Facts ¶ 33, none of the cited testimony—which is the only testimony Plaintiff cites relating to the discovery of marijuana—refutes that the officers recovered marijuana somewhere on the second floor *other than* his bedroom. *See* Defs.' Facts ¶¶ 13-17. Pursuant to Federal Rule of Civil Procedure 56(e)(2), "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Accordingly, because Plaintiff has failed to properly refute Defendants' assertion that marijuana was discovered in plain view in a room on the second floor other than his bedroom, the Court considers this fact undisputed for purposes of Defendants' motion.

### 2. Existence of Probable Cause

Plaintiff's false arrest claim against Detective Rahman fails because Detective Rahman had probable cause to arrest Plaintiff. It is undisputed that on October 30, 2014, Plaintiff was the only resident of the second floor of 1346 Prospect Place, Brooklyn, New York who was present during the time of the search, and he had been living there for a year. Defs.' Facts ¶¶ 4-5, 20. As discussed *supra*, it is also undisputed that Detective Rahman recovered a total of sixteen ziplock bags of marijuana in plain view from a room on the second floor which was not Plaintiff's bedroom. As noted, Plaintiff disputes there was a living room on the second floor and supports this assertion with citation to his own deposition testimony. Pl.'s Facts ¶ 29. However, even crediting Plaintiff's assertion regarding the existence of a living room, Plaintiff fails to raise a dispute as to a material fact because a finding of probable cause turns on "those facts *available to the officer* at the time of the arrest and immediately before it," not the facts known or believed by the plaintiff. *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (citation omitted).

Indeed, Detective Rahman stated that while executing the search warrants at 1346 Prospect Place on October 30, 2014, he "conducted a search for illegal drugs and contraband that were suspected to be at that location," and he "observed a room on the second floor *that [he] believed to be a living room*. . . . Based on [his] observations, [he] believed that any person on the second floor could enter the living room and access the 16 bags of marijuana [he] observed in plain view in the living room." Aff. of Detective Waliur Rahman, Ex. A to Reply Decl. of Alexander Noble ("Noble Reply Decl.") ¶¶ 4-6, ECF No. 92-1 (emphasis added); *see also* Def.'s Reply in Further Supp. of Mot. for Summ. J. ("Def.'s Reply") at 7, ECF No. 90 ("Detective Rahman and Detective Kanover both believed that any person on the second floor, including plaintiff, had the power to access the room they described as the living room . . ."). It is immaterial whether or not Plaintiff believed the room in which Detective Rahman recovered the ziplock bags of marijuana was, in fact, a living room; the relevant inquiry is whether Detective Rahman believed Plaintiff had constructive possession over items in the room where the marijuana was discovered.

Viewing the totality of the undisputed facts available to Detective Rahman at the time of Plaintiff's arrest, there was probable cause to arrest Plaintiff. In addition to Detective Rahman's affidavit, the affidavit of Detective Lorne Kanover, who was also part of the team that executed the search warrants on October 30, 2014 at 1346 Prospect Place, states Detective Kanover "observed two male individuals running from a living room in the rear of the second floor . . . [He] believed that the living room [he] observed the two male individuals running from was a common space for the occupants of the second floor. To the best of [his] recollection, there was nothing preventing entry or exit from the living room. . . . Based on [his] observations, [he] believed that any person on the second floor would have been able to enter the living room and

gain access to the contents inside." Aff. of Detective Lorne Kanover, Ex. B to Noble Reply Decl. ¶¶ 4-6, ECF No. 92-2. Detective Kanover's knowledge is presumed to be shared by Detective Rahman. *See Celestin v. City of New York*, 581 F. Supp. 2d 420, 430 (E.D.N.Y. 2008) (Glasser, J.) ("Under the collective knowledge doctrine, where law enforcement authorities are cooperating in an investigation . . . the knowledge of one is presumed shared by all." (quotation marks and citation omitted)).[4] Under these circumstances, Detective Rahman had reason to believe Plaintiff was in constructive possession of the marijuana and had probable cause to arrest Plaintiff. *See, e.g., Takacs*, 2011 WL 8771384, at *3-4 (dismissing § 1983 false arrest claim based on the plaintiff's constructive possession of drugs found in a common area of an apartment); *Caraballo*, 2012 WL 12883307, at *2 (dismissing § 1983 false arrest claim against defendant officers because "probable cause to arrest was plainly established" based on the officers having "entered Plaintiffs' apartment legally, pursuant to a valid search warrant" and "discover[ing] contraband inside of the apartment—thereby giving them probable cause to arrest the residents therein"); *Cammick v. City of New York*, 96-CV-4374, 1998 WL 796452, at *3 (S.D.N.Y. Nov. 17, 1998) (Patterson, J.) (finding plaintiffs had constructive possession of a gun discovered in a closet in their apartment from a search executed pursuant to a valid search warrant because the defendant officers "had good reason to believed [*sic*] that the gun was in the constructive possession of [the plaintiffs], the admitted residents of the apartment").

## II. Qualified Immunity

Detective Rahman also argues that, at a minimum, he had at least arguable probable cause to arrest Plaintiff, and summary judgment should be granted in his favor for this reason.

---

[4] As required by the collective knowledge doctrine, there is evidence that Detectives Kanover and Rahman were in communication with one another. *See Celestin*, 581 F. Supp. 2d at 430 n.6; *see also* Rahman Tr. at 230:4-18 & 231:5-6.

Def.'s Reply at 1, 3-9. "Under federal law, a police officer is entitled to qualified immunity where (1) his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known, or (2) it was objectively reasonable for him to believe that his actions were lawful at the time of the challenged act." *Jenkins*, 478 F.3d at 87 (quotation marks and citation omitted). "An officer's determination is objectively reasonable if there was 'arguable' probable cause at the time of arrest—that is, if 'officers of reasonable competence could disagree on whether the probable cause test was met.'" *Id.* (quoting *Lennon v. Miller*, 66 F.3d 416, 423-24 (2d Cir. 1995)); *accord Walczyk v. Rio*, 496 F.3d 139, 154 (2d Cir. 2007) ("[A]n officer is still entitled to qualified immunity if 'officers of reasonable competence could disagree' on the legality of the action at issue in its particular factual context." (citations omitted)). "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed in the light of well established law." *Cerrone v. Brown*, 246 F.3d 194, 202-03 (2d Cir. 2001) (quotation marks and citation omitted).

Even if there was not actual probable cause, in light of the evidence described above, Detective Rahman is entitled to qualified immunity based on arguable probable cause. *See, e.g., Jackson ex rel. Jackson*, 87 F. Supp. 3d at 405-08 (qualified immunity for defendant officer based on arguable probable cause to arrest plaintiff because plaintiff had constructive possession of drugs found in jacket in a dining room closet); *Cruz v. City of New York*, 15-CV-7731, 2017 WL 3841870, at *2 (S.D.N.Y. Sept. 1, 2017) (Swain, J.) (arguable probable cause, and therefore qualified immunity, for defendant officer to arrest plaintiff because drugs were found in the apartment in which plaintiff lived and a reasonable officer could conclude plaintiff "had dominion and control [over the area where the drugs were found] sufficient to imply constructive

possession"). Moreover, it is undisputed that Detective Rahman recovered approximately $1,300.00 from Plaintiff's person when he was arrested, Pl.'s Facts ¶ 22, and Detective Rahman testified the police had been investigating 1346 Prospect Place for drug-related activity for several months, Rahman Tr. at 70:16-20 & 71:19-73:8. While a sum of money on its own does not necessarily give rise to probable cause or indicate criminal activity, when considered "as a factor in the totality of the circumstances" known to the officers, the discovery of the money lends further support to a finding of arguable probable cause. *See Maryland v. Pringle*, 540 U.S. 366, 371 n.2 (2003).

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is GRANTED. Plaintiff has had ample opportunity throughout the course of discovery to identify the unnamed John and Jane Doe defendants, yet has failed to do so. Accordingly, the Court hereby dismisses the ten unnamed John and Jane Doe defendants. *See, e.g.*, *Blake v. Race*, 487 F. Supp. 2d 187, 192 n.1 (E.D.N.Y. 2007) (Bianco, J.). Because this decision and order resolves all remaining claims in this action, the Clerk of Court is respectfully directed to close the case and terminate all pending motions.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2018
Brooklyn, New York

13